IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KARIN RENEE WEST | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JENKINS, WAGNON & YOUNG, P.C. | ) |
| | ) |
| Defendant. | ) Civil Action No. 3:18-CV-01693-C |

### <u>ORDER</u>

On this day, the Court considered:

(1) Defendant's Rule 12(b)(6) Motion to Dismiss, filed September 12, 2018;

(2) Defendant's Brief in Support of Defendant's Rule 12(b)(6) Motion to Dismiss, filed September 12, 2018;

(3) Defendant's Appendix in Support of Defendant's Rule 12(b)(6) Motion to Dismiss, filed September 12, 2018, and;

(4) Plaintiff's Brief in Response to Defendant's Rule 12(b)(6) Motion to Dismiss, filed October 3, 2018.

Having considered the foregoing, this Court finds that the Defendant's Motion to Dismiss should be **GRANTED**.

### I.   BACKGROUND

Based on the pleadings, it is this Court's understanding that Karin Renee West ("Plaintiff") secured a line of credit through Synchrony Bank ("Synchrony"). *See* Def.'s Br. ("Defendant's Motion to Dismiss") at ¶ 2. Plaintiff defaulted on her obligations owed to Synchrony, which then totaled $3,398.28. *Id.* Accordingly, Synchrony then "charged off" Plaintiff's debt and appeared to manifest no outward desire to collect on the loan—likely deeming the amount owed

1

to be uncollectible. *Id.* However, the act of charging off debt does not mean it no longer exists or is no longer owed by Plaintiff; rather, it simply indicates that the original creditor, Synchrony, no longer intends to dedicate resources toward any attempts to collect on the loan. Synchrony then sold the subject debt to Cavalry SPV I, LLC ("Calvary"), who retained Jenkins, Wagnon & Young, P.C. ("Defendant") as counsel and revived efforts to recover the outstanding debt. *Id.*

Accordingly, Defendant proceeded to send its initial validation letter on May 11, 2018— which is the subject of dispute in the instant case. *Id.* at ¶ 3. This letter contained the following statements:

> "As of the date of this letter, according to our client's directions, the above amount is the total amount of the debt owed. The above is furnished for statutory purposes, is not to be treated as payoff and does not bar our client from seeking a different amount. *At a later date our client may instruct our firm to collect additional amounts provided for in aforementioned Agreement/Contract or pursuant to state law*" (emphasis added). *See* Pl.'s First Am. Compl. ("FAC") at ¶ 19.

The letter in question appears to be printed on the Defendant's law firm letterhead and bares the signature of Dan Young, an attorney and employee of the Defendant. *See* Def.'s Appx. at 7. Moreover, the Defendant's correspondence appears to be a "form letter" designed for mass circulation and has been alleged by the Plaintiff to lack meaningful legal review. Plaintiff brings these claims under the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act ("TDCA"). In response, the Defendant has raised this 12(b)(6) Motion to Dismiss to address the above claims.

## II.   STANDARD

When considering a motion to dismiss under Rule 12(b)(6), district courts must construe allegations in the light most favorable to the pleader and must accept as true all well-pleaded facts contained in the complaint. *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). Complaints must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). Such a complaint need not include detailed factual allegations, rather the "allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

## III. DISCUSSION

The Plaintiff correctly stated in her briefing that the United States Supreme Court defined the FDCPA's goal as "eliminate[ing] abusive debt collection practices." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010). However, when read in its entirety, this same quote continues to clarify that the FDCPA also functions "to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Id.* The FDPCA provides that "a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692(e). Indeed, misrepresenting the legal status of a debt would violate this mandate. *Sanders v. Zwicker & Ass., P.C.*, No. 3:13-CV-3998 2014 WL 11456070, *5 (N.D. Tex Sept. 9, 2014). Furthermore, "a debt collector may not use 'any false representation or deceptive means to collect or attempt to collect any debt or to obtain

information concerning a consumer.'" *Id.* (quoting 15 U.S.C. § 1629e(10)). The very nature of the FDPCA is that of a strict liability statute. *See Walker v. Pharia, LLC,* 2010 WL 565654, *3 (N.D. Tex. Feb. 18, 2010).

In the present case, Plaintiff alleges that any right to add additional amounts—such as interest, costs, collection fees—was effectively waived by Synchrony when the subject debt was initially charged off. Plaintiff points to the bank's decision to cease sending collection letters regarding the debt 18 months prior to the Defendant's initial letter. Moreover, Plaintiff claims that the initial decision to keep the balance of the subject debt at $3,398.28 for a continuous 18 month period further demonstrates a waiver of the right to add additional amounts that would bind subsequent owners of the debt. Accordingly, Plaintiff contends that the Defendant violated 15 U.S.C. § 1692(e) by including false language in its initial demand letter, which claimed that it had a right to "collect additional amounts" should Cavalry instruct it to do so. Similarly, Plaintiff also claims that Defendant violated the FDPCA by engaging in deceptive collection practices. To this point, Plaintiff argues that the acts of printing the initial demand letter on legal letterhead and signing the letter despite "complete lack of any meaningful review" each constitute strategic decisions aimed to coerce a debtor into expeditiously repaying the subject amount.

On the other hand, Defendant asserts that the language of its initial letter to Plaintiff constitutes a "simple truism" that would not confuse a less sophisticated consumer. In other words, Defendant asserts that the letter's language merely conveys the possibility that its client *may* instruct it to collect additional amounts; however, the letter never states that the firm could collect additional amounts. Under this interpretation, the letter cannot be considered inherently deceptive because it lacks definite language tailored to the Plaintiff's situation. Furthermore,

Defendant classifies Plaintiff's secondary allegations regarding its collection practices as "rank conclusory speculation."

This Court agrees that the letter's statements must be evaluated though the lens of a less sophisticated consumer. *Goswami v. Am. Collections Enter., Inc.* 377 F.3d 488, 495 (5th Cir. 2004). When deciding whether a debt collection letter violates the FDCPA, courts must consider whether the communication arises to a threshold level of deception. Here is the question that courts must seek to answer: Was the letter misleading enough to effectively dupe a less sophisticated consumer? *Id.* at 495. However, to apply this standard properly does not require an assumption that a less sophisticated consumer rests on "the very last rung on the sophistication ladder." *Id.* The less sophisticated consumer is neither foolish, nor irrational, nor a dolt. *Ellis v. Solomon and Solomon, P.C.,* 591 F.3d 130, 135 (2nd Cir. 2010) (citing Russel v. Equifax A.R.S. 74 F.3d 30, 34 (2nd 1996). Courts must assume that the "less sophisticated consumer" is merely inexperienced yet reasonable in nature. Surely, such an individual would be capable of reading this letter and understanding the plain language meaning of its contents.

Accordingly, this Court believes that the statements contained within the Defendant's letter would not mislead a less sophisticated consumer. Indeed, it is certainty true that a client *may* decide to instruct an attorney to take a more aggressive route to achieve an intended goal. The letter does not say that the Defendant is willing and legally able to add additional amounts to the subject debt if its client asks; instead, the statements merely indicate the potential for such an outcome as "provided for in aforementioned Agreement/Contract or pursuant to state law." The language used to construct this sentence appears easy enough to comprehend; moreover, it strikes this Court as downright frivolous to dispute the truthfulness of the underlining statement. *See Taylor v. Cavalry Inv. LLC.,* 365 F.3d 572 (7th Cir. 2004). The statements in the

5

Defendant's letter hold true even if the initial loan agreement and applicable law precluded the Defendant from seeking additional amounts. Therefore, this Court will not opine as to whether Synchrony's decisions regarding the Plaintiff's account bar Calvary from seeking additional amounts.

Correspondingly, this Court views the Plaintiff's secondary allegations regarding the Defendant's debt collection practices as merely suggestive that the possibility of misconduct exists. A complaint must allege "sufficient factual matters, accepted as true, to state a claim that is plausible on its face." *See Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 679). Facts must be well pleaded and not simply "permit the court to infer more than the mere possibility of misconduct," in order to survive a Rule 12(b)(6) motion. *Id.* at 679. Such is simply not the case here. The Plaintiff alleges that the Defendant's attorneys "could not have engaged in a meaningful review of each collection letter sent and the underlying account(s) associated with those letters." *See* Pl.'s First Am. Compl., ¶ 33. However, this allegation is conclusory and the only supporting evidence the Plaintiff cites to are the "nature of the signature" and the "nature of numerous complaints [against the Defendant law firm]." *Id.* It cannot be said that the appearance of an electronic signature on a page is immediately indicative of an absence of meaningful attorney review.

Similarly, for this Court to consider the mere existence of pending complaints against the Defendant—each standing separate and apart from the case at hand—is inadvisable. The Plaintiff does not provide any further information regarding these suspect "numerous complaints" save for the simple fact that they are alleged to exist. This Court cannot reasonably agree with the Plaintiff's conclusions. It is the Plaintiff's burden to assert specific factual

allegations to support her claim, and this Court is of the opinion that Plaintiff has not met this burden and demonstrated entitlement to relief.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that the Defendant's Motion to Dismiss should be **GRANTED**.

SO ORDERED this 18th day of April, 2019.

SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE